NOT DESIGNATED FOR PUBLICATION

No. 116,128

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT WILSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed June 23, 2017. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*: Robert Wilson filed a motion pursuant to K.S.A. 60-1507 alleging ineffective assistance of counsel. The district court, after preliminary inquiry, summarily dismissed the motion without a hearing. Wilson appeals that ruling. We find that the district court did not err in concluding that Wilson was not entitled to relief, and we affirm the dismissal.

1

*Factual and Procedural Background*

In November 2011, Wilson was convicted by a jury of rape and aggravated criminal sodomy. Following the convictions, the district court considered and denied Wilson's pro se motions for new trial and for dismissal of his counsel, finding no ineffective assistance and no justifiable dissatisfaction. In February 2012, Wilson was sentenced to concurrent terms of 586 months' imprisonment for aggravated criminal sodomy and 155 months' imprisonment for rape.

Wilson took a direct appeal and, among other issues, alleged ineffective assistance of counsel due to his trial counsel's failure to call as a witness Wilson's trial counsel in a prior Missouri case in which Wilson had been acquitted on similar charges. A panel of this court rejected Wilson's arguments and affirmed his convictions. *State v. Wilson*, No. 108,274, 2013 WL 6726263 (Kan. App. 2013) (unpublished opinion), *rev. denied* 301 Kan. 1052 (2015). The factual basis for Wilson's convictions is set forth in detail in the appellate opinion. *Wilson*, 2013 WL 6726263, at *1-3.

Wilson filed his K.S.A. 60-1507 motion on September 2, 2015. He alleged numerous claims of ineffective assistance of counsel, including allegations his trial counsel failed to secure a transcript of his Missouri trial; trial counsel failed to subpoena his Missouri trial counsel; and trial counsel ineffectively cross-examined the victim from the Missouri case, who was called as a witness for the State. On September 11, 2015, the district court filed a memorandum decision finding that after review of the files and records of the case "it is conclusively shown that movant is entitled to no relief and his petition is denied." The district court found Wilson presented no substantial issues of fact or questions of law; the K.S.A. 60-1507 proceeding could not be used as a substitute for direct appeal or as a substitute for a second appeal; and Wilson raised no exceptional circumstances requiring a hearing.

It is from this decision that Wilson now appeals.

*Standard of Review*

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State,* 300 Kan. 874, Syl. ¶ 2, 335 P.3d 1162 (2014).

*Procedural Bar to Wilson's K.S.A. 60-1507 Motion*

Wilson argues he is entitled to a hearing on his K.S.A. 60-1507 motion because he raises issues of ineffective assistance of trial counsel. The State counters that since Wilson raised the issue of ineffective assistance of trial counsel on his direct appeal, he is now precluded by the doctrine of res judicata from raising the issue again in his motion.

When a criminal defendant files a direct appeal from his or her conviction and sentence, "the judgment of the reviewing court is res judicata as to all issues actually raised; those issues that could have been presented, but were not presented, are deemed waived." *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 12, 136 P.3d 390 (2006). A defendant's failure to raise an issue on direct appeal "prevents the defendant from raising the claim in a second appeal or in a collateral proceeding." 281 Kan. 1058, Syl. ¶ 12; see *Woods v. State*, 52 Kan. App. 2d 958, 964-66, 379 P.3d 1134 (2016).

In the direct appeal from his conviction, Wilson specifically alleged that his trial counsel was ineffective because he did not call as a witness Wilson's trial counsel from a prior Missouri case involving similar circumstances and charges of which Wilson had been acquitted. This claim was rejected by the reviewing court.

Wilson now attempts to not only resurrect that claim, but also now claims trial counsel failed to obtain a transcript of the Missouri trial and failed to effectively cross-examine the victim from the Missouri case when she was called as a witness for the State in the Kansas case. Wilson raised other allegations of ineffective assistance in his K.S.A. 60-1507 motion but has not briefed or argued those allegations in this appeal and, thus, those other issues are deemed to be waived or abandoned. *State v. Williams,* 303 Kan. 750, 758, 368 P.3d 1065 (2016).

The three alleged instances of ineffective assistance of trial counsel which Wilson attempts to raise through this appeal are all interrelated complaints regarding how his counsel dealt with issues arising from Wilson's prior trial in Missouri. Wilson would have had the same knowledge regarding the lack of alleged transcript and the alleged ineffective cross-examination as he did regarding the alleged failure to subpoena the Missouri attorney. He offers no explanation why he did not at least attempt to raise all these related complaints in the original direct appeal.

Wilson's K.S.A. 60-1507 motion herein is not salvaged by any apparent exceptional circumstances excusing his failure to include the complaints on the direct appeal. See Kansas Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222). Wilson cites no unusual events or intervening changes in the law which prevented him from reasonably being able to raise all of the trial errors in his first appeal. See *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State,* 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). However, in *Rowland*, the ineffective counsel was appellate counsel who failed to preserve an issue on appeal. Here, Wilson presents no argument that any failure of appellate counsel on direct appeal prevented him from raising all of his issues regarding ineffective assistance of trial counsel at that time. Further, Wilson's suggestion that he may have been prevented from establishing a trial record regarding the disposition of his

4

motion for new trial was addressed by this court on direct appeal and it was determined that no error had occurred in that regard.

The doctrine of res judicata is intended to prevent an individual from splitting a single issue—here a claim of ineffective assistance of trial counsel—into multiple legal proceedings. See *Shelton v. DeWitte*, 271 Kan. 831, 836-37, 26 P.3d 650 (2001). Similarly, Kansas Supreme Court Rule 183(c)(3) promotes finality regarding issues that have been or could have been litigated on direct appeal. Wilson presents no persuasive argument as to why the doctrine and the rule should not foreclose consideration of his K.S.A. 60-1507 motion in this case.

*Wilson's K.S.A. 60-1507 Motion Does Not Warrant an Evidentiary Hearing*

Even if Wilson could surmount the procedural hurdles presented by the doctrine of res judicata and Kansas Supreme Court Rule 183(c)(3), the question remains whether the motion, records, and files of the case conclusively establish that he is not entitled to relief. In claiming ineffective assistance of counsel, Wilson assumes the burden to show that his claim warrants an evidentiary hearing. *State v. Sprague,* 303 Kan. 418, 425, 362 P.3d 828 (2015). The motion must be premised on more than mere conclusory contentions and must state an evidentiary basis in support of the claim or an evidentiary basis must appear in the record. 303 Kan. at 425. Thus the issue on appeal is whether Wilson's motion alleges sufficient facts to warrant an evidentiary hearing.

To prevail on a claim of ineffective assistance of counsel, a defendant must first establish that the performance of counsel was deficient under the totality of the circumstances, and, if so that the defendant was prejudiced, *i.e.*, that there is a reasonable probability that the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh.*

5

*denied* 467 U.S. 1267 [1984]). In this context, reasonable probability means a probability sufficient to undermine confidence in the outcome. *Sprague,* 303 Kan. at 426.

Judicial scrutiny of counsel's performance is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

We first note that the issue regarding failure to subpoena prior Missouri counsel as a witness has already been reviewed on direct appeal and deemed not to be an error. *Wilson*, 2013 WL 6726263, at *8-9.

Wilson's remaining arguments regarding the alleged failure of trial counsel to obtain a transcript of his Missouri trial and his arguments regarding failure to effectively cross-examine the Missouri victim/witness are inextricably interrelated. The record is not entirely clear whether Wilson's trial counsel actually secured a copy of the transcript, but in colloquy with the trial court, there is some indication he had access to and familiarity with the Missouri trial transcript. He indicated to the trial court he made a strategic decision not to seek entry of the transcript, so as not to prejudice or conflict with his objection to the State's K.S.A. 60-455 evidence. The record clearly indicates that he met with the Missouri attorney prior to the trial and was thoroughly familiar with the Missouri proceedings. He also had access to a deposition which the Missouri victim/witness had given prior to the Kansas trial, and he thoroughly cross-examined her. In his closing argument, he demonstrated numerous inconsistencies in her testimony. He emphasized that the Missouri jury had acquitted Wilson, and he urged the Kansas jury to consider that verdict when evaluating her testimony in the Kansas case.

More to the point here, beyond mere conclusory allusions regarding unspecified "wild inconsistent statements," Wilson fails to articulate how the Missouri transcript

would have assisted his attorney in offering anything more or less than what the jury had already heard. The State presented the detailed testimony of the Kansas victim together with other evidence tending to corroborate her recollection of the events. Wilson fails to suggest what testimony or impeachment of the Missouri victim/witness was missing from the Kansas trial or how any such omissions would have affected the jury's assessment of the credibility of the Kansas victim.

Wilson's motion, on its face, is simply inadequate to demonstrate ineffective assistance of counsel, much less any potential prejudice. He has raised no factual issue or legal question which would in any way undermine our confidence in the jury verdict.

*Summary dismissal*

To the extent, if any, that Wilson's K.S.A. 60-1507 motion survives the procedural bars above discussed, we conclude that the motion, files, and records of the case conclusively show that Wilson has not carried the burden of providing any viable issue of fact or question of law which would entitle him to an evidentiary hearing. We concur in the determination of the district court that Wilson's motion was, and is, subject to summary dismissal.

Affirmed.