NOT DESIGNATED FOR PUBLICATION

No. 116,115

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER D. GANT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 25, 2017. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and HILL, JJ.

*Per Curiam*:  Christopher D. Gant appeals the dismissal of his second motion for habeas corpus relief under K.S.A. 60-1507. The district court ruled that it was untimely and dismissed it. It was untimely, and we uphold the dismissal. Gant also argues that he was entitled to court-appointed counsel before the court summarily denied his motion since the State had filed a written response to his motion. Under Supreme Court Rule 183(i) (2017 Kan. S. Ct. R. 222), a movant must show a substantial issue of law or triable facts before the court must appoint counsel. Since Gant presented no substantial issue in

1

his motion, we hold the court was correct when it refrained from appointing an attorney to represent him.

Gant is serving a life sentence for felony murder and attempted aggravated robbery. The Kansas Supreme Court affirmed the conviction. *State v. Gant*, 288 Kan. 76, 201 P.3d 673 (2009). He filed his first K.S.A. 60-1507 motion in 2010. After a preliminary hearing, the district court denied the motion and this court affirmed the district court in *Gant v. State*, No. 105,187, 2012 WL 139456 (Kan. App. 2012) (unpublished opinion). Gant later sought federal habeas corpus relief, which was denied.

Gant filed this second K.S.A. 60-1507 motion in July 2015. He recognized that this was a second, successive motion, but argued that exceptional circumstances permitted the district court to consider it. The exceptional circumstance Gant argued was the intervening ruling of our Supreme Court in *State v. Berry*, 292 Kan. 493, 254 P.3d 1276 (2011) *superseded by statute as stated in State v. Phillips*, 295 Kan. 929, 287 P.3d 245 (2012). An explanation of Gant's argument is necessary at this point.

In *Berry*, the Supreme Court decided the old court-made rule that prevented the giving of lesser included offense instructions in a felony murder case violated the statute that authorized the giving of lesser included offense instructions. 292 Kan. at 503, 513-14. In Gant's view, because of the holding in *Berry*, it would be manifestly unjust if the court failed to consider his untimely motion based on *Berry*. Gant claimed two grounds for relief. First, he is entitled to a new trial because the district court erred by failing to give a lesser included instruction with the instruction on felony murder. Second, Gant argued that his appellate counsel on direct appeal was ineffective for failing to argue this instructional error.

Without holding a hearing, the district court denied the motion and found that Gant's motion was untimely and did not show manifest injustice that would require its

2

untimely consideration. Additionally, the district court found that the motion was successive.

The law is well established pertaining to the summary denial of a K.S.A. 60-1507 motion. It is appropriate to do so when the motion, files, and records conclusively show that the movant is entitled to no relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Unless there is some sufficient justification, a movant is not entitled to relief if his or her K.S.A. 60-1507 motion is either untimely or successive. See *State v. Kelly*, 291 Kan. 868, 872-74, 248 P.3d 1282 (2011). This is obviously a question of law over which we exercise unlimited review. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

The Kansas Supreme Court ruled on Gant's direct appeal on January 30, 2009. *Gant*, 288 Kan. at 85. The 1-year time period began when the decision was rendered in his direct appeal. See K.S.A. 2016 Supp. 60-1507(f)(1). Gant did not file this motion until July 6, 2015—well outside the 1-year statute of limitation. But we must look a little deeper; we too must look to see if it would be manifestly unjust to not consider his motion.

Even though Gant's motion is untimely, courts may consider untimely motions to prevent manifest injustice, according to K.S.A. 2016 Supp. 60-1507(f)(2). Manifest injustice means actions that are "'obviously unfair'" or "'shocking to the conscience.'" *Kelly*, 291 Kan. at 873 (quoting *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 [2007]). But recent amendments have changed what we can consider in such an inquiry.

In 2016, the Kansas Legislature limited what the courts could consider when making a manifest injustice determination. L. 2016, ch. 58, sec. 2. Now, for the purposes of finding manifest injustice under this law, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the 1-year time limitation or

3

whether the prisoner makes a colorable claim of actual innocence. Actual innocence is defined in the statute. K.S.A. 2016 Supp. 60-1507(f)(2)(A). The question then arises, should this statute be applied retroactively? A panel of this court has recently spoken on this issue in *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 2, 2017.

We find the reasoning in *Perry* persuasive. The *Perry* panel held that the 2016 amendments to K.S.A. 60-1507(f)(2) should apply retroactively because retroactive application would not violate a party's substantive or vested right. This is important because our Supreme Court in *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 460, 264 P.3d 102 (2011), ruled that a statute must only be applied prospectively if retroactive application would prejudicially affect a party's substantive or vested rights.

The *Perry* court used the balancing test from *Brennan* to determine if these statutory changes would violate a vested right. The *Brennan* factors are:

- the nature of the rights at stake (*e.g.*, procedural, substantive, remedial);
- how the rights were affected (*e.g.*, were the rights partially or completely abolished by the legislation; was any substitute remedy provided); and
- the nature and strength of the public interest furthered by the legislation. *Brennan*, 293 Kan. at 460.

In weighing these factors, the panel found that for the first factor the amendment is clearly procedural. For the second factor, the panel found the amendment only partially limits the inquiry of whether manifest injustice exists. *Perry*, 2017 WL 462659, at *3. According to the panel, the amendment does not limit the court's ability to extend time to prevent manifest injustice; rather, it only eliminates the second *Vontress* factor from the calculation of whether manifest injustice exists. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

4

For the third factor, the *Perry* panel found that considering the second *Vontress* factor would essentially negate any time limitation imposed by the legislature on K.S.A. 60-1507 motions. *Perry*, 2017 WL 462659, at *3. Thus, the panel held that the limitation that was added should apply retroactively. The *Perry* panel was correct—the statute is procedural and should be applied retroactively. Therefore, we look to see why Gant failed to file his motion on time.

Gant actually provides no reason why he did not file the motion until 2015. He did not file this motion until July 6, 2015—3 years after the 2012 amendments to K.S.A. 21-5109(b)(1) went into effect and 2 years after the amendments to K.S.A. 21-5402 went into effect. See L. 2012, ch. 157, sec. 2; L. 2013, ch. 96, sec. 2. Gant relies on old law to show manifest injustice. But *Berry* has been superseded by legislative action, and he did not file his K.S.A. 60-1507 motion until after the change to the law. Thus, it is not necessary to consider the motion to prevent manifest injustice. No relief can be extended to him based on a legislatively overruled Supreme Court holding.

Instead of a claim of actual innocence as the recent amendment requires, Gant makes a claim of legal innocence; he asserts that the jury could have found him guilty of a lesser included offense of felony murder. This argument does not meet the requirements of a colorable claim of actual innocence. The statute, K.S.A. 2016 Supp. 60-1507(f)(2)(A), requires a movant to show *factual*, not legal, innocence to support a finding of manifest injustice.

Because Gant's motion was untimely and he has not shown us that considering his motion would prevent manifest injustice, we must conclude the district court correctly denied his motion.

Finally, we turn to the issue of whether the district court erred by not appointing an attorney to represent him after the State filed its response. A panel of this court has

5

addressed a similar issue in *Woods v. State*, 52 Kan. App. 2d 958, 968, 379 P.3d 1134 (2016). In *Woods,* the movant filed a second K.S.A. 60-1507 motion, and the State filed a response. The district court summarily denied Woods' motion. This court upheld the summary dismissal, and when it considered a claim that Woods should have been appointed counsel, the panel held that Woods was not entitled to counsel because his motion did not present a substantial question of law or fact that would require at least a preliminary hearing. 52 Kan. App. 2d at 968.

Here, the facts are similar to those in *Woods*. Gant's motion was properly denied by the district court. Gant did not present a substantial question of law or fact that would require at least a preliminary hearing. The district court, under these circumstances, was not required to appoint an attorney for Gant.

Affirmed.