NOT DESIGNATED FOR PUBLICATION

No. 117,972

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEJUAN A. BELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 14, 2018. Affirmed.

*Sam S. Kepfield*, of Hutchinson, of Lawrence, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: The district court summarily denied Dejuan A. Bell's motion for habeas corpus relief based on the motion and the court's files and records. Bell appeals, asking us to remand the case with directions to hold an evidentiary hearing on his motion. When we are presented with an appeal from a summary denial of such a motion, this court is in the same position as the district court and will review the motion, files, and record to decide if Bell is entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881,335

1

P.3d 1162 (2014). We find that Bell has not made a claim that entitles him to relief and affirm the district court's dismissal of his K.S.A. 60-1507 motion.

*Bell filed his habeas corpus motion after he pled no contest to four counts of robbery and was unsuccessful in his direct appeal.*

In a plea bargain, Bell and the State agreed that he would plead no contest to four robbery counts in exchange for the State dismissing two other cases. Additionally, the State agreed to recommend the lowest presumptive sentence from the grid for each count and the sentences to be served concurrently. But if Bell committed a new offense, was arrested, violated conditions of bond, or failed to appeal for a court appearance, the State would no longer be bound by its sentencing recommendation.

The State proffered evidence to support a finding of Bell's guilt. In March 2012, a stolen car was used in a robbery of a credit union. Ski masks covered the robbers' faces. Bell was the lookout during the robbery. At some point, Bell sprayed the victims with mace. The car was later abandoned and police found a ski mask in the back seat. It did not belong to the owners of the car. DNA from that ski mask matched Bell's DNA. Ultimately the district court accepted Bell's plea and found him guilty of the four counts.

Bell failed to appear for his first sentencing hearing. A warrant was issued for his arrest and later he was brought to court in custody. Because of his failure to appear, the State asked the court to sentence Bell to the aggravated presumptive sentence on the grid for each count and order the sentences to be served consecutively. The district court did just that—it sentenced Bell to 110 months in prison.

Bell appealed his sentence. He argued the failure to appear clause in his plea agreement was unenforceable. Rejecting his arguments, this court found the sentencing court reached the correct conclusion in applying the plea agreement as it was written and

affirmed Bell's conviction and sentence. *State v. Bell*, No. 111,063, 2015 WL 1123022, at *2-5 (Kan. App. 2015) (unpublished opinion). The Supreme Court denied Bell's petition for review. 302 Kan. 1012 (2015).

Bell moved to vacate his sentence under K.S.A. 60-1507. He raised four main issues:

- His trial counsel provided ineffective assistance;
- the trial court violated due process by inadequately questioning him about his dissatisfaction with his counsel after he had filed a pro se motion to dismiss his counsel;
- his due process rights were violated when the State recommended the aggravated presumptive sentence in contrast to the assertions made in the plea agreement; and
- the court imposed an illegal sentence.

We examine Bell's three claims about his attorney first. He asserts his trial counsel was deficient because he failed to:

- argue against the State changing its sentencing recommendation because of his failure to appear;
- challenge the robbery charges as multiplicitous; and
- fully investigate the DNA evidence.

As we take up the claims in that order, it becomes apparent that Bell is offering us mere conclusions and not evidence.

3

We need not spend much time on his claim that his trial counsel was deficient for failing to challenge the State's sentencing recommendation to the court. After all, Bell's failure to appear was fully litigated in his direct appeal. Based on this court's holding that the district court reached the correct conclusion, Bell has not shown us that there is a reasonable probability that if his lawyer argued differently, he would have received a more favorable result. See *Bell*, 2015 WL 1123022, at *2-5. He has not shown us any prejudice on this point. Bell made a bargain with the State and the court enforced it.

Next, when we move on to Bell's claim of multiplicity of the charges, we see no deficiency in his trial counsel's conduct. Under Kansas law, a defendant may be charged with a distinct robbery offense for each victim when property is taken from that person or the presence of that person. *State v. Pham*, 281 Kan. 1227, 1248-51, 136 P.3d 919 (2006). Here, the State proffered that property was taken from the presence of four individuals; this supports four distinct counts of robbery. Based on Kansas law then, a multiplicity argument was unfounded. See *Minski v. State*, No. 95,925, 2008 WL 360643, at *6 (Kan. App. 2008) (unpublished opinion). We cannot hold a counsel's performance deficient for failing to raise an argument unsupported by the facts or the law.

Before we take up Bell's final claim of ineffective assistance of counsel involving the hiring of a DNA expert, we must point out some fundamental legal points. In a motion for relief under K.S.A. 60-1507, the movant bears the burden of establishing an evidentiary basis for the claims. To meet this burden, the movant must set forth an evidentiary basis for the claims within the motion or an evidentiary basis must be apparent from the record. *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 (2010). When a movant makes merely conclusory arguments without evidentiary support, the district court may deny the motion without a hearing. *Trotter v. State*, 288 Kan. 112, 131-32, 139, 200 P.3d 1236 (2009). When we are in the same position as the district court, we will follow the same rules. We turn now to Bell's DNA argument.

4

Bell relies on *Mullins v. State*, 30 Kan. App. 2d 711, 717, 46 P.3d 1222 (2002), to support his claim that his counsel was deficient for failing to hire a DNA expert. It is clear to us that Bell's claims are distinguishable from the claims made in *Mullins*. In *Mullins*, a witness testified that it was crucial for the defense in that specific type of case to hire an expert. Bell makes only a conclusory claim that his trial counsel did not properly investigate the DNA evidence. In his motion, Bell does not provide the name of any witness who would claim that an expert would have helped his defense. Without such a proffer, Bell's claim that counsel's performance was deficient is conclusory at best. It does not establish the evidentiary basis that would call for an evidentiary hearing.

Furthermore, in his motion, Bell makes no claim of prejudice resulting from this claimed failure to hire an expert. Basically, Bell entered into a plea bargain and now makes no contention that had his trial counsel obtained a DNA expert, he would have obtained a more favorable result.

Bell has not established an evidentiary basis for either deficient performance by his lawyer or shown us any prejudice. In other words, he has not presented a colorable claim of ineffective assistance of counsel.

We now examine Bell's remaining claims:

- The district court violated his due process rights by not fully addressing his request to dismiss his counsel;
- his due process rights were violated by the State disregarding its sentencing recommendation; and
- he received an illegal sentence because the district court abused its discretion by making his sentences run consecutively.

We address the issues in that order.

We do not see that the district court violated Bell's right to due process when it addressed his pro se motion to dismiss his trial counsel. The district court allowed Bell to present his claim and argue why his counsel should be dismissed and replaced. Bell felt that his trial counsel was not representing his interests. Unpersuaded, the district court found that there was no reason to grant his motion. The core principles of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000). We hold the hearing on Bell's motion satisfied due process. Interestingly, we see that after Bell filed his pro se motion to replace his lawyer, his trial counsel obtained the plea bargain with the State. When the court questioned Bell if he was satisfied with his trial counsel's performance, he said yes. Bell's satisfaction with his counsel's performance shows that he was not prejudiced by the district court not replacing his counsel. This claim is not a valid reason to grant Bell relief under K.S.A. 60-1507.

Next, Bell claims his due process rights were violated by the State voiding its sentencing recommendation from the plea deal. It is unclear how this is more than a mere trial error. Bell does not argue exceptional circumstances permit him to raise this trial error in his motion under K.S.A. 60-1507. See Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 223). As we pointed out earlier, this was raised in his direct appeal. This court has determined the State could ask for a sentence outside the plea deal because Bell failed to appear at his first sentencing hearing. *Bell*, 2015 WL 1123022, at *2-5. This claim offers no grounds for relief under K.S.A. 60-1507.

Finally, Bell argues he received an illegal sentence. The legality of a sentence may be challenged at any time. K.S.A. 22-3504(1). We review the summary denial of a motion to correct an illegal sentence de novo. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). When a person attacks a sentence as illegal, the person must prove that the sentence: (1) was imposed by a court without jurisdiction; (2) does not conform to the statutory provisions; or (3) is ambiguous. K.S.A. 2017 Supp. 22-3504(3).

6

Bell does not claim his sentence is illegal for any of the statutory reasons. Instead, he argues the district court, by failing to state any reasons, abused its discretion by sentencing him to the aggravated presumptive sentence for each count and ordering the sentences to be served consecutively. Essentially, Bell concedes that his sentence complies with the statute. See K.S.A. 2017 Supp. 21-6819(b). This statute permits the sentencing court to impose concurrent or consecutive sentences in multiple conviction cases. Bell's sentence complies with the law; thus, it is a legal sentence.

Additionally, since Bell shows no exceptional circumstances that would permit a review of whether the district court abused its discretion in sentencing, we hold that issue is, at most, a claimed trial error that needed to be raised on direct appeal. See *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016). It is not a subject for a motion under K.S.A. 60-1507.

Based on the motion, files, and record, Bell has failed to show that he is entitled to relief. The district court did not err in summarily denying Bell's motion.

Affirmed.