FILED
United States Court of Appeals
Tenth Circuit

July 6, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

CLINT EUGENE WOODS,

　　Petitioner - Appellant,

v.

JOEL HRABE,

　　Respondent - Appellee.

No. 20-3080
(D.C. No. 5:18-CV-3250-SAC)
(D. Kan.)

_____

ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Petitioner-Appellant Clint Eugene Woods seeks a Certificate of Appealability

(COA) from the district court's dismissal of his habeas corpus petition under 28 U.S.C.

§ 2254.  1 R. 95–99 (D. Kan. Apr. 6, 2020).  The district court advised Mr. Woods that it

was contemplating dismissal, Woods v. Hrabe, 2019 WL 3532065 (D. Kan. Aug. 2,

2019), and gave him an opportunity to respond.

In October 2003, Mr. Woods pleaded guilty to second degree murder in Kansas

state court.  In December 2003, he moved to withdraw his plea, which the state district

court denied.  Mr. Woods was then sentenced to 258 months' imprisonment, with a post-

_____

*This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release supervision term of 36 months. The Kansas Court of Appeals affirmed. State v. Woods, 130 P.3d 1247 (table), 2006 WL 851227 (Kan. App. Mar. 31, 2006), review denied (Kan. Sept. 19, 2006). Beginning in September 2007, Mr. Woods twice sought state post-conviction relief and was denied. Woods v. State, 291 P.3d 105 (Table), 2012 WL 6734507 (Kan. App. Dec. 21, 2012), review denied (Kan. Aug. 23, 2013); Woods v. State, 379 P.3d 1134 (Kan. App. 2016), review denied (Kan. Sep. 28, 2017).

Mr. Woods filed his federal petition on September 20, 2018. The district court found the petition untimely filed under 28 U.S.C. § 2244(d), which establishes a one-year time limit on the filing of petitions for habeas corpus relief and provides for tolling in certain circumstances, including while applications for state post-conviction relief are pending. The court calculated that the limitation period in Mr. Woods's case began running in December 2006, was tolled beginning in September 2007 while he sought state post-conviction relief, and resumed running in August 2013, when the Kansas Supreme Court denied review on the denial of his first motion for state post-conviction relief. Because Mr. Woods did not file his second petition for state post-conviction relief until May 2014, the district court concluded that Mr. Woods's time to file for federal relief expired in November 2013. It further concluded that Mr. Woods had failed to make a showing of actual innocence that would justify equitable tolling and denied him a COA.

To obtain a COA, Mr. Woods must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies a petition on procedural grounds without reaching the petitioner's underlying constitutional claims,

the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

No reasonable jurist could find the district court's procedural ruling debatable. For reasons explained by the district court, the petition is time-barred, a point that Mr. Woods effectively concedes by failing to address it in his brief. The district court's conclusion that Mr. Woods also failed to produce new evidence of actual innocence that would justify equitable tolling in order to avoid a "miscarriage of justice" also is not debatable. Lopez v. Trani, 628 F.3d 1228, 1230–31 (10th Cir. 2010). The affidavits Mr. Woods offered in support of his petition, which consist mainly of explanations of trial witnesses' reasons for testifying against him and alibi declarations, are not enough to undermine the "strong presumption of verity" that attaches to his guilty plea. See Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996) (quoting Blackledge v. Allison, 431 U.S. 63, 73–74 (1977)).

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

3