NOT DESIGNATED FOR PUBLICATION

No. 122,325

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN NGINYO GICHAMU,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed March 26, 2021. Affirmed.

*Brittany E. Lagemann*, of Olathe, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: More than eight years after Defendant John Nginyo Gichamu pleaded guilty to one count of rape in Johnson County District Court and received a standard guidelines sentence consistent with a plea agreement with the State, he filed a motion for habeas corpus relief under K.S.A. 60-1507. The district court reviewed the motion and the record in the underlying criminal case and issued an 11-page order in September 2019 summarily denying the motion as untimely. The district court issued a short order a month later denying Gichamu's amended submission, effectively treating it as a motion for reconsideration. Gichamu has appealed.

1

We find the district court's orders well state valid reasons for denying the 60-1507 motion as untimely. We, therefore, affirm by summary opinion under Rule 7.042(b)(5) (2020 Kan. S. Ct. R. 48) because "the opinion . . . of the district court . . . adequately explain[s] the decision."

If a defendant files a 60-1507 motion outside the one-year deadline in K.S.A. 2020 Supp. 60-1507(f)(1), as Gichamu plainly did, he or she must show "manifest injustice" in the reason for the delay or "actual innocence," meaning a likelihood "no reasonable juror would have convicted [movant] in light of new evidence" to bypass the time bar. K.S.A. 2020 Supp. 60-1507(f)(2). As the district court explained, Gichamu made neither showing.

• In his motion, Gichamu stated he did not file a direct appeal because he was told he could not. That's legally beside the point. And while Gichamu could have filed a notice of appeal and docketing statement, we could not consider any direct appeal because he received a guidelines sentence conforming to a plea agreement. Either deprives us of jurisdiction. See K.S.A. 2020 Supp. 21-6820(c). But that is not a legal bar to seeking relief under K.S.A. 60-1507. Gichamu also stated English is not his first language. But the conclusory assertion, which we take as true, is not a reason excusing the notably late filing of his 60-1507 motion. Gichamu effectively represents that he is multilingual—not that he is unable to communicate in or understand English. The record in the criminal case shows he appeared without a translator and personally communicated effectively with the district court during the plea hearing and at sentencing. Neither he nor his lawyer expressed any reservation about his ability to comprehend the proceedings because they were conducted in English.

• In his motion, Gichamu stated the sex act charged as rape was consensual, so he is actually innocent. But the representation does not conform to the statutory exception to

the filing deadline. The exception requires that the claim of actual innocence rest on "new evidence." Gichamu's belief about consent cannot be new evidence; he would have been of that view from the outset of the case. Nonetheless, Gichamu chose to forgo a trial in which a jury would have tested that belief in favor of a plea agreement he then considered advantageous. Years later, he cannot rely on information known to him at the time to renounce that choice and avoid the bar in K.S.A. 2020 Supp. 60-1507(f)(1). We do not reach the separate issue of whether Gichamu's guilty plea would preclude a review of the substantive merits of his 60-1507 motion. See *Woods v. State*, 52 Kan. App. 2d 958, 967, 379 P.3d 1134 (2016).

Affirmed.