NOT DESIGNATED FOR PUBLICATION

No. 122,291

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICKEY MARKS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed February 4, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM: Rickey Marks stands convicted of first-degree murder for the premeditated killing of his wife in 2008. Marks pursued a direct appeal, and the Kansas Supreme Court affirmed his conviction. He later filed a motion under K.S.A. 60-1507 which the district court summarily denied, and a panel of this court affirmed that ruling. In 2018, Marks filed a second K.S.A. 60-1507 motion which the district court summarily denied under the principle of res judicata. Marks' case is before us once again to analyze the propriety of the summary denial of his postconviction request for relief. Given that the issue Marks raised could have been presented in his initial K.S.A. 60-1507 motion but

1

was not, and that his motion was untimely and successive, the district court did not err in summarily denying Marks' second K.S.A. 60-1507 motion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*a. Background and direct appeal*

On October 11, 2008, Marks stabbed his wife, Rozeta, eight times in her chest, arm, and back while they were en route to the grocery store. *State v. Marks*, 297 Kan. 131, 132, 298 P.3d 1102 (2013). Law enforcement officers collected Marks' cell phone when he was taken into custody and obtained a warrant to search its contents. Rozeta succumbed to her injuries, and the State charged Marks with her murder.

At trial, Rozeta's friend Judith Williams testified that she heard Marks repeatedly threaten Rozeta and that Rozeta secretly filed for divorce. Marks' brother, Stephen, testified that he saw Rozeta collapse in the road shortly after the stabbing and saw Marks drive off in Rozeta's car. Several witnesses testified that Marks called them shortly after Rozeta's death and admitted to the stabbing.

The State also moved to admit threatening text messages from Marks' cell phone. When evidence from the phone was introduced, Marks' trial counsel acknowledged that he should have moved to suppress the evidence and requested leave to discuss the matter outside the jury's presence. The trial court informed Marks' attorney, "[I]f you're objecting that there was an illegal search and seizure, the court's going to rule against you." Marks' counsel relented, the State introduced the evidence, and Rozetta's phone was used to corroborate the text messages. The jury convicted Marks of first-degree premeditated murder and the court sentenced him to life in prison.

On direct appeal, Marks claimed (1) the prosecutor committed misconduct in closing arguments; (2) the district court erred when it denied his motion to exclude evidence of Rozeta's divorce filing; (3) the Wyandotte County District Attorney's open file policy violated state statutes; and (4) cumulative error deprived him of fair trial. The Supreme Court identified two errors—the prosecutor's comments in closing arguments and the district court's interpretation of discovery statutes—but held the errors were harmless because the evidence of Marks' guilt was overwhelming. The court affirmed his conviction and life sentence. *Marks*, 297 Kan. at 150-51.

### b. Marks' first habeas motion

Later, Marks filed a K.S.A. 60-1507 motion containing several claims of error, and he expounded upon those issues in a supporting memorandum. Marks argued: (1) ineffective assistance of trial counsel in failing to object to the district court's failure to clarify the State's closing argument on request from the jury; (2) ineffective assistance of counsel for failing to hire an expert; (3) ineffective assistance of appellate counsel for failing to preserve issues; (4) prosecutorial misconduct; (5) trial court error based on failing to appoint substitute counsel; (6) conflicted trial counsel; (7) trial court error in allowing the jury to rely on inadequate theories of law; and (8) cumulative error. The district court summarily denied the motion and filed an order that specifically addressed each of Marks' claims.

Marks appealed and raised three entirely new claims of ineffective assistance of counsel. He argued that his trial counsel rendered deficient representation when he: (1) failed to properly investigate how the police obtained his cell phone; (2) did not move to suppress the search and seizure of the cell phone; and (3) neglected to object to the cell phone's text messages being admitted into evidence. A panel of this court noted that these arguments were unpreserved and, therefore, not properly before the court. *Marks v. State*, No. 115,444, 2017 WL 2494990, at *3-4 (Kan. App. 2017) (unpublished opinion). The

3

panel observed, however, that the district court's decision was correct because multiple Fourth Amendment doctrines provided an avenue for the admission of evidence from Marks' cell phone. 2017 WL 2494990, at *4. The panel also remarked that admission of the contested evidence did not result in prejudice to Marks because overwhelming evidence established his guilt beyond a reasonable doubt. 2017 WL 2494990, at *5.

The Kansas Supreme Court denied Marks' petition for review.

### c. Marks' second habeas motion

In 2018, Marks filed a second motion under K.S.A. 60-1507. He resurrected his earlier assertions that his trial attorney provided ineffective assistance because he failed to challenge the search of Marks' cell phone and did not move to suppress any evidence unlawfully obtained as a result of that search. Marks also claimed that without the cell phone evidence there was not sufficient evidence to convict him of premeditated murder. He insisted the issue had not been previously addressed and, recognizing the motion was filed out of time, requested the district court waive the procedural bar in order to prevent manifest injustice.

The district court denied Marks' second K.S.A. 60-1507 motion. The court found that because the Court of Appeals had addressed Marks' cell phone evidence admissibility arguments in his first habeas appeal, the issue had already been litigated and was therefore barred by res judicata. The district court also concluded that in Marks' direct appeal, the Supreme Court held there was no cumulative error at his trial.

Marks timely appeals and requests that we analyze whether the district court erred in summarily denying his motion.

4

DID THE DISTRICT COURT ERR IN DENYING MARKS' SECOND HABEAS MOTION?

Marks argues that his claims concerning counsel's representation related to his cell phone are not precluded by res judicata because this court declined to decide the claims on their merits on appeal from the denial of his first K.S.A. 60-1507. He contends the language regarding the merits of these issues constitute dicta and thus should not foreclose his opportunity to raise the matter now. In response, the State argues the issue has been litigated and found to be harmless. The State also asserts that Marks' habeas motion can properly be dismissed as untimely and successive.

The parties agree that de novo review is appropriate since the district court summarily denied the motion. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*a. Is Marks' motion precluded by res judicata?*

The doctrine of res judicata applies when issues were previously raised and decided on the merits or could have been presented but were not. *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012). It prohibits individuals from splitting single issues into multiple lawsuits. *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016). In Kansas, the doctrine applies to K.S.A. 60-1507 movants who seek to raise issues previously resolved by the final appellate court order in his or her criminal proceeding. 52 Kan. App. 2d at 964.

When an appellate court holds a claim is unpreserved but observes it is, nevertheless, without merit, is the issue properly considered decided "on the merits" and barred by res judicata in future proceedings? As Marks points out, the reviewing court discussed the admissibility of his cell phone *after* it determined Marks' lack of

preservation precluded it from considering the argument. 2017 WL 2494990, at *4-5. This means whatever findings the court made were dictum, or an opinion that is not essential to the decision and therefore not binding. See judicial dictum, Black's Law Dictionary 569 (11th ed. 2019). In *Cousatte v. Lucas*, 35 Kan. App. 2d 858, 867, 136 P.3d 484 (2006), a panel of this court held that a bankruptcy court's comments on the merits of an issue, following the court's conclusion that it lacked jurisdiction to decide the case, were dicta and res judicata did not apply. So while the panel in Marks' first K.S.A. 60-1507 appeal cast doubt on Marks' argument, it did not decide the issue on the merits. To this end, the district court was incorrect.

That being said, claim preclusion under the doctrine of res judicata is not limited solely to a prior decision on the merits. Rather, if a movant could have raised an argument at trial or on direct appeal yet neglected to do so, he or she waives the opportunity to challenge the issue in a collateral attack. See *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). In *Neer*, for example, the Supreme Court affirmed Neer's conviction on direct appeal. Neer later filed a motion in the district court and sought to have his sentence corrected on the grounds there was not sufficient evidence to sustain his conviction. The district court refused to alter his sentence and Neer appealed. Citing the doctrine of res judicata, the Supreme Court declined to review the claim, finding that Neer could have challenged the sufficiency of the evidence in his direct appeal but did not. 247 Kan. at 141-45. So too here as Marks likewise could have included a claim in his first K.S.A. 60-1507 motion that counsel provided deficient representation when he neglected to challenge the search of his cellphone or move to suppress any related evidence.

The principle of res judicata applies when issues were either previously raised and decided on the merits or could have been presented but were not. While the district court erroneously concluded that Marks' claim was barred under the first of those two avenues rather than the second, we still affirm its decision. The judgment of the district court may

be upheld on appeal despite its reliance on the wrong ground or a wrong reason for its decision. *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010).

### b. Successiveness

The State advances the added argument that Marks' motion must be denied as it violates K.S.A. 60-1507(c). That subsection of the provision states that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2020 Supp. 60-1507(c). A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief and a subsequent motion need not be considered absent a showing of circumstances which justify his or her failure to raise the claim in their original motion. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). Thus, to avoid dismissal of a second or successive K.S.A. 60-1507 motion as an abuse of remedy, the movant must establish exceptional circumstances. *Beauclair*, 308 Kan. at 304. Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from raising the issue in the preceding 60-1507 motion. 308 Kan. at 304.

As previously noted, this is Marks' second K.S.A. 60-1507 motion. To obtain review of his claim despite his failure to raise it in his earlier motion, Marks had the burden to demonstrate for the district court that exceptional circumstances negated that dereliction. He failed to do so. Marks' brief likewise does not provide an explanation. Marks' motion was successive and is properly denied as such.

### c. Timeliness

The State also asserts that Marks' motion is untimely under K.S.A. 60-1507(f)(1), which requires motions to be brought within one year of the final order of the appellate court that exercised jurisdiction over a movant's direct appeal. In Marks' case this deadline was May 13, 2009, yet he filed the motion at issue nearly 10 years later. K.S.A.

7

2020 Supp. 60-1507(f)(2)(A) provides that the time limit may be extended only to avoid manifest injustice. Courts may consider two factors when determining whether manifest justice exists: (1) a movant's reasons for the failure to timely file the motion; or (2) a movant's claim of actual innocence. *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018).

First, Marks provides no explanation for his 10-year delay in seeking habeas review of his attorney's alleged errors at trial. Next, Marks does not set forth a claim of actual innocence. Thus, he has failed to sustain his burden to establish the requisite manifest injustice to overcome the procedural bar that exists as a result of his untimely motion. Marks' motion is denied as time barred.

Affirmed.