IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,674

ROBERT QUINN,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

Without application of a permissive exception for plain error, a party waives an issue not preserved by a petition for review.

Review of the judgment of the Court of Appeals in 62 Kan. App. 2d 640, 522 P.3d 282 (2022). Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument September 15, 2023. Opinion filed October 20, 2023. Judgment of the Court of Appeals affirming the district court is vacated as to the issues subject to review. Judgment of the district court is affirmed.

*Rosie M. Quinn,* of Rosie M. Quinn Attorney LLC, of Kansas City, was on the brief for appellant.

*Kayla Roehler,* deputy district attorney, *Mark A. Dupree Sr.,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: Robert Quinn appeals a district court judge's summary denial of his motion for relief under K.S.A. 2020 Supp. 60-1507 and the judge's refusal to appoint him counsel. A Court of Appeals panel affirmed the district court, holding that Quinn filed the motion too late for it to be considered and that his claim is precluded under res judicata principles. Quinn did not seek review of the panel's res judicata holding. That

1

failure means the Court of Appeals res judicata holding is not before us to review and the Court of Appeals decision that Quinn's arguments are precluded is unchallenged. We thus affirm the Court of Appeals. The Court of Appeals decision to affirm Quinn's convictions based on res judicata principles thus stands. We vacate the remaining portions of the Court of Appeals decision.

## FACTS AND PROCEDURAL HISTORY

Over a decade ago, a jury convicted Robert Quinn of one count of rape, and a district court judge sentenced him to 272 months in prison. The Court of Appeals affirmed his conviction and sentence. *State v. Quinn*, No. 109,321, 2015 WL 423, 653 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. 1019 (2015). The clerk of the appellate court issued a mandate on August 25, 2015.

About five years later, Quinn filed a pro se motion under K.S.A. 2020 Supp. 60-1507. The motion, filed in Wyandotte District Court, asserted (1) his trial counsel did not adequately probe the alleged victim's veracity and (2) the alleged victim lied. He included a letter requesting appointment of counsel. The district court decided Quinn's motion could be summarily denied without appointment of counsel because Quinn did not show that manifest injustice excused the untimely filing. The district judge relied on the one-year time limitation in K.S.A. 2020 Supp. 60-1507(f) for motions seeking postjudgment relief in criminal cases and found that Quinn did not file his motion until several years after that deadline had passed.

Quinn's current appellate counsel entered an appearance for Quinn and timely appealed the district court judge's summary dismissal of Quinn's motion. She later filed a motion with the clerk of the appellate courts to recall the mandate in his underlying direct appeal (Appeal No. 109,321), arguing the mandate failed to meet usual and customary procedures because it did not recite the denial of and date of denial of the petition for

2

review, did not have the court seal affixed, and did not certify the copy of the Court of Appeals decision. The Court of Appeals granted the motion and issued a corrected mandate on April 19, 2022. *Quinn v. State*, 62 Kan. App. 2d 640, 641, 522 P.3d 282 (2022).

Noting the corrected mandate, in Quinn's appellate brief his counsel argued the district court judge's decision should be reversed because "[i]t was manifestly unjust for the district court to summarily dismiss Quinn's case as untimely without appointing Quinn an attorney." Quinn's counsel asserted in the alternative that Quinn's motion under K.S.A. 2020 Supp. 60-1507 was timely filed because the date that started the one-year clock was the date of the 2022 corrected mandate, not the date of the procedurally deficient mandate issued in 2015. The State responded to Quinn's substantive points about when the limitation period began to run. It also argued Quinn's issues were precluded under the doctrine of res judicata.

The Court of Appeals rejected Quinn's arguments. It concluded that Quinn was not entitled to counsel, he did not show that manifest injustice excused his untimely 60-1507 motion, the corrected mandate did not restart the one-year time limitation, and res judicata precluded consideration of Quinn's claims. 62 Kan. App. 2d at 642-53.

Quinn petitioned for discretionary review, asking this court to review the Court of Appeals' rulings on the timeliness of his filing and manifest injustice. Quinn did not ask this court to review the panel's conclusion that his claims were precluded under res judicata principles.

We granted review and have jurisdiction under K.S.A. 20-3018(b) (providing for petition for review of Court of Appeals decisions) and K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions).

3

ANALYSIS

The outcome of our decision is dictated by Quinn's failure to seek review of the Court of Appeals' holding that his motion is precluded under the doctrine of res judicata. *Quinn*, 62 Kan. App. 2d at 652-53. Absent application of a permissive exception for plain error, a party waives an issue not preserved by a petition for review. *State v. Valdiviezo-Martinez*, 313 Kan. 614, 624, 486 P.3d 1256 (2021) (nonjurisdictional issues waived if review not sought); Supreme Court Rule 8.03(b)(6)(C)(i) (2023 Kan. S. Ct. R. at 56) ("The Supreme Court will not consider issues not raised before the Court of Appeals or issues not presented or fairly included in the petition for review, cross-petition, or conditional cross-petition.").

The Court of Appeals panel's res judicata holding, reached under well-settled Kansas law, favored the State. 62 Kan. App. 2d at 652-53 (citing *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 [2014]; *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 14, 136 P.3d 390 [2006]; *Woods v. State*, 52 Kan. App. 2d 958, Syl. ¶ 1, 379 P.3d 1134 [2016]); cf. *Kansas Fire and Safety Equipment v. City of Topeka*, 317 Kan. 418, 425, 531 P.3d 504 (2023). Noting that Quinn raised ineffective assistance of counsel claims in his earlier appeal, it held Quinn had the opportunity then to argue the ineffective assistance of counsel claims he now raises. He also could have argued the alleged victim lied. His failure to make those arguments in his earlier appeal erected a res judicata bar to him now doing so. 62 Kan. App. 2d at 652-53. Another procedural bar to his argument then arises from Quinn not taking issue with the Court of Appeals res judicata holding in his petition for review. That failure means the issue is not before us.

Having reviewed the Court of Appeals' analysis, we see no basis under Rule 8.03(b)(6)(C) to review the res judicata holding. The district court's decision to deny Quinn's motion for relief thus stands affirmed under the Court of Appeals' holding that Quinn's motion "fails based on res judicata." 62 Kan. App. 2d at 653.

4

Because that ruling on res judicata grounds disposes of the appeal, we need not decide the rest of Quinn's issues or address the Court of Appeal's alternative holding that Quinn's filing under K.S.A. 2020 Supp. 60-1507 was untimely. Anything we would say would be dicta as it would be unnecessary to the resolution of the case. We thus decline to address Quinn's remaining issues. We vacate those portions of the Court of Appeals decision that do not to relate to its res judicata holding, and those vacated portions have no precedential value. See *Building Erection Svcs. Co. v. Walton Construction Co.*, 312 Kan. 432, 443, 475 P.3d 1231 (2020) (declining to address issues discussed by Court of Appeals because doing so would be dicta and vacating part of Court of Appeals decision not addressed in this court's decision).

Judgment of the Court of Appeals affirming the district court is vacated as to the issues subject to review. Judgment of the district court is affirmed.