NOT DESIGNATED FOR PUBLICATION

No. 122,604

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLINT E. WOODS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court, KEVIN M. SMITH, judge. Opinion filed May 21, 2021. Affirmed.

*Wendie C. Miller*, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Clint E. Woods appeals the district court's summary denial of his fourth K.S.A. 2020 Supp. 60-1507 motion as untimely and successive. Woods argues the State's original complaint was so defective that it deprived the district court of subject matter jurisdiction over his criminal case. Woods further argues that because the district court did not originally have jurisdiction to hear the case, he does not need to establish exceptions to an otherwise untimely and successive K.S.A. 60-1507 motion. But, because Woods' motion was untimely and he fails to overcome that procedural bar, we affirm.

1

*Factual and Procedural Background*

In 2003, the State charged Woods with two counts of first-degree murder and one count of aggravated battery stemming from a gang fight that killed two people and injured a third. *State v. Woods*, No. 93,417, 2006 WL 851245, *1 (Kan. App. 2006) (unpublished opinion) (*Woods I*). Attorneys Steven Mank and Kurt Kerns represented Woods and, in accordance with a plea agreement, Woods pleaded guilty to one count of second-degree murder. At the plea hearing, Woods understood that both parties were recommending a sentence of 258 months, but that the district court was not bound by the recommendation and could sentence him to between 147 and 653 months' imprisonment. Woods provided a factual basis for his guilty plea, and the court accepted his plea and found him guilty of second-degree murder. 2006 WL 851245, at *1.

Before sentencing, Woods moved to withdraw his plea, arguing he was innocent, that his attorneys had not told him about the consequences of his plea, and that they had improperly induced him to plead guilty. The district court appointed Michael Brown to represent Woods and held an evidentiary hearing on his motion. The district court then denied Woods' motion to withdraw his plea and sentenced him to 258 months' imprisonment. *Woods I*, 2006 WL 851245, at *1.

Woods appealed but this court affirmed. *Woods I*, 2006 WL 851245, at *2-3. The Kansas Supreme Court then denied Woods' petition for review. Woods then began a series of post-conviction motions. We summarize them here because the district court relied on some of the earlier motions in ruling on his fourth K.S.A. 60-1507 motion, which Woods now appeals.

*Woods' First K.S.A. 60-1507 Motion*

In September 2007, Woods filed a timely pro se K.S.A. 60-1507 motion, arguing Mank and Kerns provided unconstitutionally ineffective assistance of counsel by failing "'to adequately investigate the facts and circumstances' of his case." *Woods v. State*, No. 105,948, 2012 WL 6734507, at *2 (Kan. App. 2012) (unpublished opinion) (*Woods II*). Woods argued that Mank and Kerns failed to locate or interview two people who would have established his alibi and failed to tell him before he entered his plea that another witness had recanted his incriminating statements against him. 2012 WL 6734507, at *2. Woods asserted that he had not raised this argument to the district court during his motion to withdraw his plea because he did not realize the factual and legal significance of these issues. 2012 WL 6734507, at *2.

In May 2009, the district court held an evidentiary hearing on Woods' motion. *Woods II*, 2012 WL 6734507, at *3. The district court then denied Woods' motion, finding the eyewitness' recantation would not produce enough evidence to rise to the level of the alleged alibi. The district court also held that Mank and Kerns were effective and Woods was not prejudiced by their representation because he received a beneficial plea bargain that substantially lessened the sentence he would have received had he been convicted in a trial. 2012 WL 6734507, at *4.

Woods appealed, arguing he had shown manifest injustice to permit withdrawal of his guilty plea. This court declined to consider Woods' unpreserved claims regarding his attorneys' alleged failure to interview additional individuals. *Woods II*, 2012 WL 6734507, at *6. This court also held that Woods' claims were barred by the doctrine of res judicata because his 60-1507 motion raised "the exact same issue" that the district court resolved on its merits during Woods' presentencing motion to withdraw his plea. 2012 WL 6734507, at *6. The Kansas Supreme Court denied Woods' petition for review.

3

*Woods' Second K.S.A. 60-1507 Motion*

In May 2014, Woods filed a second K.S.A. 60-1507 motion, again arguing that his trial counsel provided ineffective representation by failing to investigate two witnesses' changing statements and by misrepresenting the terms of his plea agreement. *Woods v. State*, 52 Kan. App. 2d 958, 960-61, 379 P.3d 1134 (2016) (*Woods III*). Woods also argued that Brown—his counsel at the hearing on his motion to withdraw his plea—was ineffective because he failed to call Manuel Roach to testify despite knowing that Roach would recant his statements implicating Woods. 52 Kan. App. 2d at 959, 962. With this second 60-1507 motion, Woods submitted signed statements from supporting witnesses which he characterized as newly discovered evidence. He argued these supported his colorable claim of actual innocence and required the district court to consider his arguments on their merits to avoid manifest injustice. 52 Kan. App. 2d at 962.

The district court summarily denied the motion, holding that Woods made "'no showing of manifest injustice'" and that his claims were barred by res judicata. Woods appealed. *Woods III*, 52 Kan. App. 2d at 962.

This court agreed that res judicata barred Woods' claims about "his attorney's failure to fully investigate witnesses and their changing stories" and "his attorney's representation about the length of his sentence." *Woods III*, 52 Kan. App. 2d at 965. As for his first 60-1507 proceeding, the panel found that Woods waived and abandoned any claims based on his attorney's failure to investigate a certain witness' changing stories, noting that a defendant "cannot revive an abandoned point in a subsequent proceeding." 52 Kan. App. 2d at 966.

This court also addressed the effect of Woods' claim of actual innocence:

4

"[W]hat makes this case different from most K.S.A. 60-1507 cases is that we are faced with a guilty plea—and, more pressingly, one that has already withstood a challenge by way of a motion to withdraw a plea and a challenge under K.S.A. 60-1507 for ineffective assistance of counsel." 52 Kan. App. 2d at 966.

The panel held that Kansas courts presume "'[a] plea of guilty is admission of the truth of the charge and every material fact alleged therein.'" *Woods III*, 52 Kan. App. 2d at 966-67. And "[w]here judgment and sentence have been entered upon a plea of guilty, there can be no review of the sufficiency of the evidence in a 60-1507 proceeding." 52 Kan. App. 2d at 967. This court concluded:

"Clearly a colorable claim of innocence can be the basis to find manifest injustice. That said, we do not need to reach Woods' assertion that a colorable claim of innocence may also be the basis for a finding of exceptional circumstances, because even if we did find that a colorable claim of innocence opens both gateways, it is still insufficient to override the longstanding rule that a freely and voluntarily entered guilty plea bars a collateral attack on the sufficiency of the evidence. Accordingly, we find that the district court did not err in summarily denying Woods' untimely and successive K.S.A. 60-1507 motion. [Citation omitted.]" 52 Kan. App. 2d at 967-68.

After this court affirmed the district court, Woods petitioned for review, which the Kansas Supreme Court denied.

*Woods' Third K.S.A. 60-1507 Motion*

In December 2017, Woods filed a third pro se K.S.A. 60-1507 motion, once again seeking to set aside his guilty plea. *Woods v. State*, No. 121,466, 2020 WL 4250651, at *3 (Kan. App. 2020) (unpublished opinion) (*Woods IV*). This time, he argued the following:

"(1) Mank, Kerns, and Brown provided ineffective assistance of counsel; (2) the district court judge, the prosecutor, Mank, and Kerns conspired to deny Woods fair proceedings; (3) the State erred by initially charging him with first-degree murder and by arguing false facts at the sentencing hearing; (4) there was insufficient evidence to support a conviction for intentional second-degree murder; and (5) the district court erred when it failed to rule on a motion in the proceedings on his second K.S.A. 60-1507 motion." 2020 WL 4250651, at *3.

Woods argued that the State erred by charging him with first-degree murder when the facts, in his opinion, supported only a charge of involuntary manslaughter. *Woods IV*, 2020 WL 4250651, at *4. He also alleged that the district judge did not specifically find him guilty of second-degree *intentional* murder, so his conviction must be changed to second-degree *unintentional* murder. 2020 WL 4250651, at *4. He also raised a new claim that Mank and Kerns were ineffective in failing to obtain relevant *Giglio* and *Brady* evidence about Detective Robert Chisholm and Officer James Espinoza. 2020 WL 4250651, at *3; see *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

In January 2019, Woods moved to amend his 60-1507 motion to add claims of a defective complaint and lack of jurisdiction. *Woods IV*, 2020 WL 4250651, at *4. He argued that his conviction should be reversed and vacated because the 2003 complaint was fatally defective in charging him with crimes that the State knew were not supported by the evidence. 2020 WL 4250651, at *4.

The district court held that Woods' prior proceedings had addressed the issues in his motion but ordered the parties to submit proposed findings of facts and conclusions of law. *Woods IV*, 2020 WL 4250651, at *4. In May 2019, the district court held: "'All claims by movant in this motion and his motion to alter and amend either have been or could have been raised in his prior motions, and are therefore barred from subsequent litigation.'" 2020 WL 4250651, at *4. The district court found Woods' motion untimely

6

and successive and held that Woods had failed to show why the court should have considered it anyway. The district court denied the motion and Woods' motion to alter or amend. 2020 WL 4250651, at *8-9.

Woods timely appealed. On appeal, Woods argued that the district court's denial of his third 60-1507 motion led to manifest injustice because the motion stemmed from the "newly discovered" *Brady* and *Giglio* evidence, and because he alleged actual innocence. *Woods IV*, 2020 WL 4250651, at *4. He also argued that the exceptional circumstance of "'a colorable claim of actual innocence based on the failure to the State of Kansas to disclose *Giglio* and *Brady* information on the investigating law enforcement officers'" justified consideration of his third 60-1507 motion despite it being successive. 2020 WL 4250651, at *4.

Because Woods was unable to show when he "received" the purported *Giglio* and *Brady* impeachment evidence, a panel of this court found he failed to prove by a preponderance of the evidence a valid reason as to why the motion was untimely. *Woods IV*, 2020 WL 4250651, at *6. The panel held that Woods failed to establish manifest injustice would result from a failure to consider his untimely K.S.A. 60-1507 motion because he did not argue and could not prove by a preponderance of the evidence that he had a colorable claim of innocence. The panel also held that because he could not articulate when or how he learned of this alleged impeachment evidence, he failed to establish by a preponderance of the evidence that an exceptional circumstance had prevented him from raising the *Giglio* and *Brady* claims in a prior K.S.A. 60-1507 motion. 2020 WL 4250651, at *6-7.

The panel also reviewed Woods' motion to alter or amend the third K.S.A. 60-1507 motion. The motion raised the new issue of a defective complaint and the effect it had on the district court's subject matter jurisdiction to hear the original criminal case. The panel then held that Woods did not successfully argue an exceptional circumstance

prevented him from arguing a defective complaint issue in earlier K.S.A. 60-1507 proceedings. The panel also held Woods' motion to alter or amend was untimely and that he had not successfully argued manifest injustice would occur if the merits of his current claims went unconsidered. 2020 WL 4250651, at *8-9.

The panel affirmed the district court's summary dismissal of the K.S.A. 60-1507 motion and the motion to alter or amend. 2020 WL 4250651, at *10.

*Woods' Fourth and Current K.S.A. 60-1507 Motion*

In February 2019, Woods filed a fourth K.S.A. 60-1507 motion, once again asking the court to reverse his conviction and vacate his sentence. Woods argued that the facts could have supported only a voluntary or involuntary manslaughter conviction, not a second-degree murder conviction. He also argued that the original charging document omitted facts that the State was aware of. For example, the State "had full knowledge" that "each victim was in fact shot with different guns, there [were] multiple shooters, this 'shoot-out' was the result[] from a group fight that 'all of a sudden' turned into a shooting match," and that Woods' "co-defendant M. Roach had already admitted to shooting [one of the victims] and was charged with this." He argued that the prosecutor's factual basis at sentencing was insufficient and contradicted the crimes charged in the complaint. Because of these reasons, Woods argued that the complaint was defective and that the State had failed to properly invoke the subject matter jurisdiction of the district court.

The district court summarily denied Woods' fourth K.S.A. 60-1507 motion. The district court determined that Woods' motion was untimely, successive, and barred for reasons already provided in 17 CV 2789 (*Woods II*). The court found that Woods had or could have raised his claims in previous motions, and that it had addressed his arguments in 17 CV 2789 (*Woods II*). The district court also referenced this court's previous ruling

8

and found that any claims raised in Woods' second 60-1507 motion were barred by res judicata or otherwise waived.

Woods timely appeals.

*Did the District Court Commit Error by Summarily Denying Woods' Fourth K.S.A. 2020 Supp. 60-1507 Motion?*

Woods argues that the district court erred in summarily denying his fourth K.S.A. 60-1507 motion because a defective complaint challenge raises a jurisdictional issue, which he can raise at any time. He argues that the original complaint charging him with two counts of first-degree murder and one count of aggravated assault was so defective that it failed to invoke the district court's subject matter jurisdiction over the case. As support for his claim, Woods argues that the State had insufficient evidence to charge him with the crimes listed in the original complaint and thus lacked subject matter jurisdiction over the case.

But Woods' argument that the original complaint is defective is irrelevant—Woods did not plead guilty to the original complaint. Rather, Woods pleaded guilty to an amended complaint of only one count of second-degree murder. And Woods does not argue the amended complaint was defective; thus, he waives and abandons this argument. See *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019). Although we could deny Woods' motion on this basis alone, we address the district court's ruling that his motion was untimely, although other grounds to deny or dismiss the motion may be correct as well.

9

*Standard of Review and Basic Legal Principles*

A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing in the district court. *Thuko v. State*, 310 Kan. 74, 80-81, 444 P.3d 927 (2019). A district court may summarily dismiss a 60-1507 motion that is untimely or successive. See K.S.A. 2020 Supp. 60-1507(c), (f). When the district court summarily dismisses a 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Woods contends that the district court lacked jurisdiction to take his plea because the complaint was defective. But the Kansas Supreme Court has held that procedural bars to untimely and successive 60-1507 motions also apply to motions arguing that a defective complaint deprived the district court of jurisdiction. See *State v. Robertson*, 309 Kan. 602, 608-09, 439 P.3d 898 (2019). The district court held that Woods' fourth motion was both untimely and successive.

*Woods' Motion Was Untimely.*

Courts are required to dismiss a motion as untimely if, after an inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not amount to manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(3). The district court did that.

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2020 Supp. 60-1507(a). K.S.A. 2020 Supp. 60-1507(f)(1)(A). But Woods' fourth 60-1507 motion was filed more than 11 years after the termination of appellate jurisdiction over his direct appeal. See K.S.A. 2020 Supp. 60-1507(f) (stating that 60-

10

1507 motions must be brought within one year of the termination of state appellate jurisdiction). His motion was thus untimely.

*Woods Fails to Establish Manifest Injustice.*

If the defendant fails to timely file, he or she must establish that a manifest injustice would result if the district court does not review the motion. K.S.A. 2020 Supp. 60-1507(f)(2)(A). Because Woods' 60-1507 motion was untimely, he must show that manifest injustice would occur if the district court declined to consider the merits of his claim. See *Thuko*, 310 Kan. at 80-81. Woods fails to meet his burden here.

"For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). The movant bears the burden to prove manifest injustice by a preponderance of the evidence. Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239). We address these two factors below.

*Reasons for Untimely Filing*

Woods asserts only that he can raise jurisdictional issues at any time, so he need not prove "manifest injustice" for the panel to consider his fourth 60-1507 motion. But Woods essentially provides no argument to support why he could not have filed within the one-year time limit required under the statute. He unsuccessfully raised these same arguments in a motion to alter or amend a previous 60-1507 motion, when a panel of this court held that charging instruments are not jurisdictional. See *Woods IV*, 2020 WL 4250651, at *8-9. And because Woods' third 60-1507 motion was untimely, it follows that his current motion, filed later, was also untimely.

11

By failing to argue any circumstance that prevented him from filing on time, Woods fails to prove by a preponderance of the evidence that he could not have filed this 60-1507 motion within the required time restrictions.

*Colorable Claim of Actual Innocence*

The district court can extend the time limitation for K.S.A. 60-1507 motions if the movant makes a "colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). This requires the movant to show "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 60-1507(f)(2)(A). But Woods does not argue that he has a colorable claim of innocence; thus, he has waived or abandoned this claim. See *Roberts*, 310 Kan. at 13.

Nor does he argue that either actual innocence or "new evidence" warrants an exception under the manifest injustice exception. Although he argues the State had insufficient evidence to charge him with first-degree murder, he does not make an explicit plea of innocence. Instead, he argues the State could have charged him with only one count of voluntary or involuntary manslaughter. But Woods unsuccessfully argued this insufficient evidence claim in his previous 60-1507 motion. *Woods III*, 52 Kan. App. 2d at 967. There, a panel held that even if Woods had made a colorable claim of innocence "it [was] still insufficient to override the longstanding rule that a freely and voluntarily entered guilty plea bars a collateral attack on the sufficiency of the evidence." 52 Kan. App. 2d at 967-68. That rule applies here as well.

Woods fails to show by a preponderance of the evidence that manifest injustice would result from the district court's refusal to consider the merits of his untimely K.S.A. 60-1507 motion. Thus, the district court did not err in denying the motion as untimely.

*Illegal Sentence*

Although Woods does not mention such a challenge in his original brief, he argues in his reply brief that the district court imposed an illegal sentence. He then asks the panel to remand for resentencing. Supreme Court Rule 6.05 provides:  "A reply brief may not be submitted unless made necessary by new material contained in the appellee's or cross-appellee's brief." (2021 Kan. S. Ct. R. 37.) Kansas caselaw provides that an appellant may not raise new issues in a reply brief. *State v. McCullough*, 293 Kan. 970, 984, 270 P.3d 1142 (2012). Woods does so here. Because the illegal sentence issue was first raised in Woods' reply brief, we decline to address this issue.

Affirmed.